IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DELCHEVA HARRIS, B89301,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 3:22-cv-00064-SMY |
| ) | |
| **J. PARKER,** ) | |
| **BART D. TOENNIES,** ) | |
| **BRANDON A. WESTBROOK,** ) | |
| **CHRISTOPHER S. THOMPSON,** ) | |
| **JEFFREY STRUBHART, and** ) | |
| **C. DAVIS,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Delcheva Harris, an inmate in the Illinois Department of Corrections, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Centralia Correctional Center. This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): Plaintiff was put on restriction during the pandemic as a result of a disciplinary action and could only contact family and purchase health products such as soap once a month. Correctional Officer J. Parker filed a disciplinary report on Plaintiff stating he had a new tattoo of a cross and pharaoh and the pharaoh was covering a "Mary Rose" tattoo. Plaintiff received two months C grade for a Health, Smoking

or Safety Violation – new tattoo as a result of the disciplinary ticket (*Id.*, p. 15).

Additionally, Parker listed Plaintiff's race as "black" on the disciplinary report and thereby stripped Plaintiff of his nationality and birthright. Further, all Defendants stripped away Plaintiff's nationality and birthright and oppressed him using Christianity and war tactics.

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:[1]

> Count 1: Fourteenth Amendment due process claim against Parker for issuing Plaintiff a false disciplinary ticket which result in visitation and commissary restrictions during the pandemic.
>
> Count 2: Defendant Parker stripped Plaintiff of his nationality and birthright by entered "black" as Plaintiff's race on the disciplinary ticket in violation of the U.S. Constitution and/or the Universal Declaration of Human Rights.
>
> Count 3: Defendants stripped away Plaintiff's nationality and birthright and oppressed him using Christianity and war tactics in violation of the U.S. Constitution and/or the Universal Declaration of Human Rights.

### **Preliminary dismissals**

Although Plaintiff identifies six defendants in the case caption, only Defendant Parker is mentioned in the statement of claim. Merely naming a party in the caption of a Complaint does not state a claim against that individual. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Rather, under Federal Rule of Civil Procedure 8, the Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), which includes "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). And because Plaintiff brings his claims under § 1983, he

---

[1]Any claim that is mentioned in the Complaint but not addressed in this Order is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

must allege that each defendant was personally involved in the deprivation of a constitutional right. *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014). Thus, absent allegations describing what each defendant allegedly did or failed to do in violation of Plaintiff's constitutional rights, Plaintiff fails to state a claim against Bart D. Toennies, Brandon A. Westbrook, Christopher S. Thompson, Jeffrey Strubhart, and C. Davis.

## Discussion

### Count 1

A disciplinary ticket, even if falsely issued, will not violate the Fourteenth Amendment if the inmate receives procedural due process in the disposition of the ticket. *Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir. 1984). A court analyzing a due process claim in the context of prison disciplinary hearings must consider: (1) whether there was a protected interest at stake that necessitated due process protections; and (2) whether the disciplinary hearing was conducted in accordance with procedural due process requirements. *Zinermone v. Burch*, 494 U.S. 113, 125 (1990).

According to the Adjustment Committee Final Summary Report, Plaintiff received two months C grade for the disciplinary ticket at issue (Doc. 1, p. 15). Plaintiff also alleges visitation and commissary restrictions as part of that discipline. However, there is no protected liberty interest in demotion to C-grade status or loss of visitation or commissary privileges. *Thomas v. Ramos*, 130 F.3d 754, 762 n.8 (7th Cir. 1997). As such, Plaintiff fails to state a claim in Count 1.

### Counts 2 and 3

Plaintiff does not allege a viable constitutional claim in Counts 2 and 3. Moreover, Plaintiff cannot state a claim under the Universal Declaration of Human Rights because it is a non-binding declaration that provides no private rights of action. *Konar v. Illinois*, 327 F. App'x 638, 640 (7th

Cir. 2009). As such, Plaintiff also fails to state a claim in Counts 2 and 3.

## Disposition

The Complaint (Doc. 1) is **DISMISSED without prejudice** for failure to state a claim for relief. Plaintiff is **GRANTED** leave to file a First Amended Complaint by **August 8, 2022**. The First Amended Complaint will be subject to review under 28 U.S.C. § 1915A.

Should Plaintiff file a First Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District. He should label the form "First Amended Complaint" and use the case number for this action (No. 22-64). Further, Plaintiff should identify each defendant in the case caption and include sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights, *see DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the who, what, when, where, and how ...."), and as much as possible, include the relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions. While Plaintiff may use "John Doe" or "Jane Doe" to refer to parties whose names are unknown, he must still follow pleading standards and include a short, plain statement of the case against that party. He must describe each Doe Defendant and their involvement in the alleged unconstitutional conduct (for example, John Doe did X and Jane Doe did Y).

Because an amended complaint supersedes and replaces the original complaint, rendering the original complaint void, the Court will not accept piecemeal amendments. Instead, the First Amended Complaint must stand on its own, without reference to any previous pleading, and include any exhibits that Plaintiff wishes to submit. To facilitate Plaintiff's compliance with this Order, the Clerk of Court is **DIRECTED** to mail Plaintiff a civil rights complaint form.

If Plaintiff fails to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the case will be dismissed with prejudice for failure to state a claim for relief, failure to comply with a court order, and for failure to prosecute his claims. The dismissal will count as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  July 7, 2022**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**