### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DELCHEVA HARRIS, B89301,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 3:22-cv-00064-SMY** |
| | ) | |
| **JOSHUA A. PARKER,** | ) | |
| **BART D. TOENNIES, and** | ) | |
| **BRANDON A. WESTBROOK,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Delcheva Harris, an inmate in the Illinois Department of Corrections, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Centralia Correctional Center. The Complaint was dismissed following preliminary review under 28 U.S.C. § 1915A.[1] Plaintiff was granted leave to file a First Amended Complaint, which is now before the Court for § 1915A review.

### First Amended Complaint

Plaintiff makes the following allegations in the First Amended Complaint (Doc. 19): On June 12, 2021, Defendant J. Parker (Correctional Officer-Internal Affairs) asked Plaintiff for information "concerning what was going on at Centralia." Plaintiff told Parker he was not an informant. Parker, using racially insensitive language, stated he would have every correctional officer watching Plaintiff.

On June 23, 2021, Parker filed a false disciplinary report on Plaintiff accusing him of

---

[1] Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

having two new tattoos, a cross and pharaoh, and the pharaoh was covering a "Mary Rose" tattoo that had been documented at intake.  However, no one had inspected Plaintiff's body for tattoos at intake.  Plaintiff informed Parker that the tattoo sheet was incorrect.  Parker responded, "told you I [would] get you."  (Doc. 19, p. 8).

After Plaintiff began writing grievances about Parker's behavior, Parker told him to keep his nose clean because every correctional officer was watching him.  Thereafter, Plaintiff began receiving false disciplinary reports from unidentified individuals.  He received a disciplinary report on November 17, 2021 for failure to report to pill line, but his medication had already been discontinued in September 2021.  He received a money voucher receipt on December 3, 2021, but had not signed for a release of funds.  Plaintiff went on a hunger strike on December 16, 2021 to protest the retaliation by Parker.  He received a disciplinary report the same day for failure to report to pill line even though he was restricted to his cell due to his hunger strike.  Plaintiff's mail began to be delayed by a week or more.  The harassment, use of racially derogatory language, and retaliation exacerbated Plaintiff's mental illness and caused him serious mental anguish and "extremely bad head pains."  (Doc. 19, p. 10).

Plaintiff went before Defendants Toennies and Westbrook (Adjustment Committee members) on July 1, 2021 and told them that the disciplinary report written by Parker was false. He stated he did not have a Mary Rose, cross, or pharaoh tattoo and showed them his arm. Toennies stated "this is what happens when you refuse to do what is asked of you."  Westbrook found Plaintiff guilty of the disciplinary infraction despite Plaintiff's evidence proving his innocence.

Based on the allegations in the Complaint, the Court designates the following claims in this

*pro se* action:[2]

Count 1:     First Amendment retaliation claim against Parker, Toennies, and Westbrook.

Count 2:     Fourteenth Amendment due process claim against Parker for issuing Plaintiff a false disciplinary ticket and against Toennies and Westbrook for finding Plaintiff guilty without evidence.

Count 3:     Equal protection claim against Parker.

Count 4:     Eighth Amendment harassment claim against Parker.

## Discussion

### Count 1 - Retaliation

To state a retaliation claim under the First Amendment, a prisoner must allege that he engaged in a constitutionally protected activity and that prison officials took adverse action against him because he engaged in the protected activity. *Hawkins v. Mitchell*, 756 F.3d 983, 996 (7th Cir. 2014). The allegations that Parker, Toennies, and Westbrook retaliated against Plaintiff because he refused to provide information to Parker fails to state a claim because the First Amendment does not extend to a prisoner's refusal to act as an informant. *Caffey v. Maue*, 679 F. App'x 487, 490 (7th Cir. 2017). To the extent Plaintiff alleges Parker retaliated against him for filing grievances, he may be able to state a claim. However, it is not clear from the allegations when Plaintiff filed the grievances and what retaliatory conduct Parker, as opposed to some other individual(s), allegedly engaged in thereafter. As a result, Count 1 will be dismissed for failure to state a claim upon which relief may be granted.

---

[2]Any claim that is mentioned in the Complaint but not addressed in this Order is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

## Count 2 – Due Process

The issuance of a false disciplinary ticket does not violate the Fourteenth Amendment if the inmate receives procedural due process in the disposition of the ticket. *Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir. 1984). A court analyzing a due process claim in the context of prison disciplinary hearings must consider: (1) whether there was a protected interest at stake that necessitated due process protections; and (2) whether the disciplinary hearing was conducted in accordance with procedural due process requirements. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). Plaintiff has not provided the Adjustment Committee Final Summary Report or otherwise pled sufficient information to show that a protected liberty interest was at stake.[3] Therefore, Count 2 will be dismissed for failure to state a claim.

## Count 3 – Equal Protection

To state an equal protection claim, a plaintiff must allege that he was treated differently from others based on membership in a suspect class (such as race, gender, alien status, or national origin) or based upon the denial of a fundamental right (freedom of speech or religion). *See, e.g., Srail v. Village of Lisle, Ill.*, 588 F.3d 940, 943 (7th Cir. 2009). Here, Plaintiff does not allege facts to support an equal protection violation against any defendant. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (conclusory legal statements are not sufficient to state a claim). Accordingly, Count 3 will be dismissed for failure to state a claim.

## Count 4 - Harassment

In general, verbal abuse and harassment do not rise to the level of a constitutional violation. *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). And "[t]he use of racially derogatory

---

[3] As noted in the Court's Merit Review Order dated July 7, 2022, Plaintiff received two months' demotion to C-grade for the disciplinary ticket at issue (Doc. 18, p. 3). However, there is no protected liberty interest in demotion to C-grade status. *Thomas v. Ramos*, 130 F.3d 754, 762 n.8 (7th Cir. 1997).

language, while unprofessional and deplorable, does not violate the Constitution." *Id.* Because the allegations in the Complaint do not state a colorable Eighth Amendment violation, Count 4 will be dismissed for failure to state a claim.

### Disposition

The First Amended Complaint (Doc. 19) is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

If Plaintiff wishes to proceed with this case, he **SHALL FILE** his Second Amended Complaint on or before **May 30, 2023**. The Second Amended Complaint will be subject to review under 28 U.S.C. § 1915A. Should Plaintiff fail to file a Second Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the case will be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute. FED. R. CIV. P. 41(b); *Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

Because an amended complaint supersedes and replaces all earlier pleadings, rendering them void, the Court will not accept piecemeal amendments. Instead, the Second Amended Complaint must stand on its own, without reference to any previous pleading. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the Second Amended Complaint. To facilitate Plaintiff's compliance with this Order, the Clerk of Court is **DIRECTED** to mail Plaintiff a civil rights complaint form.

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form "Second Amended Complaint" and use the case number for this action (No. 22-64-SMY). Further, Plaintiff should identify each defendant in the

case caption and include sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights, *see DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the who, what, when, where, and how ...."), and as much as possible, include the relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions. While Plaintiff may use "John Doe" or "Jane Doe" to refer to parties whose names are unknown, he must still follow pleading standards and include a short, plain statement of the case against that party. He must describe each Doe Defendant and their involvement in the alleged unconstitutional conduct (for example, John Doe did X and Jane Doe did Y). No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the Second Amended Complaint.

Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed. Thus, the filing fee remains due and payable, regardless of whether he files a Second Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **REMINDED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R.

CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  April 28, 2023**

> *s/ Staci M. Yandle*
> **STACI M. YANDLE**
> **United States District Judge**