IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DELCHEVA HARRIS, B89301, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:22-cv-00064-SMY |
| | ) |
| JOSHUA A. PARKER, | ) |
| BART D. TOENNIES, and | ) |
| BRANDON A. WESTBROOK, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Delcheva Harris, an inmate in the Illinois Department of Corrections, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Centralia Correctional Center. The original Complaint was dismissed following preliminary review under 28 U.S.C. § 1915A (Doc. 18).[1] Plaintiff's First Amended Complaint also did not survive § 1915A review (Doc. 22). Plaintiff was granted leave to submit a Second Amended Complaint, which is now before the Court for § 1915A analysis.

### Second Amended Complaint

Plaintiff makes the following allegations in the Second Amended Complaint (Doc. 23): On June 12, 2021, Defendant Parker (Correctional Officer-Internal Affairs) asked Plaintiff for information concerning the ongoing drug epidemic at Centralia. Plaintiff responded that he had no idea what Parker was talking about. Parker, using racially insensitive language, threatened to have other correctional officers harass Plaintiff.

---

[1] Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

1

On June 23, 2021, Parker filed a false disciplinary report on Plaintiff for having two new tattoos of a cross and pharaoh that had not been documented when Plaintiff arrived at Centralia (Doc. 23, p. 14). The pharaoh was a cover up for a "Mary Rose" tattoo that had been documented earlier but was no longer visible. Plaintiff denied that he ever had a "Mary Rose" tattoo and pled not guilty. (Doc. 23, p. 11). Defendants Toennies and Westbrook were on the hearing committee and found Plaintiff guilty of the infraction on July 1, 2021. Plaintiff was punished with two months demotion to C-grade.

On July 2, 2021, Plaintiff filed a grievance against Parker for bringing the false disciplinary charge on the tattoos. (Doc. 23, pp. 6, 12-13). In August 2021, Parker told Plaintiff he should not have written that grievance and said he would have all the Centralia correctional officers targeting Plaintiff. Plaintiff wrote another grievance against Parker for the threats of retaliation on August 25, 2021.

On November 17, 2021, Plaintiff received a disciplinary report for failing to report to pill line (his medication had been discontinued in September 2021). Another employee told Plaintiff that Parker "put a hit out" on Plaintiff so he would be punished. Plaintiff got another disciplinary report on December 16, 2021 for failure to report to pill line at a time when he was restricted to his cell due to a hunger strike. Again, an unidentified correctional officer told Plaintiff that Parker had a hit on him.

Plaintiff claims that Toennies and Westbrook failed to protect him from Parker's retaliation and inflicted punishment on him through their roles on the Adjustment Committee, because he filed grievances against Parker. Plaintiff asserts that he suffers from a serious mental illness and that Parker's retaliation and harassment caused him [Plaintiff did not finish this sentence]. (Doc. 23, p. 7).

Based on the allegations in the Second Amended Complaint, the Court designates the following claims in this *pro se* action:[2]

Count 1: First Amendment retaliation claim against Parker.

Count 2: Fourteenth Amendment due process claim against Parker for issuing Plaintiff a false disciplinary ticket over tattoos and against Toennies and Westbrook for finding Plaintiff guilty without evidence.

Count 3: First Amendment retaliation claim and failure to protect claim against Toennies and Westbrook.

Count 4: Eighth Amendment harassment claim against Parker.

## Discussion

### Count 1 – Retaliation - Parker

To state a retaliation claim under the First Amendment, a prisoner must allege that he engaged in a constitutionally protected activity and that prison officials took adverse action against him because he engaged in the protected activity. *Hawkins v. Mitchell*, 756 F.3d 983, 996 (7th Cir. 2014). As noted in the Court's previous Order (Doc. 22, p. 3), Plaintiff's refusal to provide information to Parker does not provide grounds for a retaliation claim because the First Amendment does not extend to a prisoner's refusal to act as an informant. *Caffey v. Maue*, 679 F. App'x 487, 490 (7th Cir. 2017).

Plaintiff now alleges that Parker threatened to have other correctional officers harass and target him because he filed grievances over Parker's allegedly false disciplinary charge and threats. Plaintiff received two disciplinary reports filed by unknown officer(s) (not by Parker) for not reporting to pill line. Plaintiff connects these reports to Parker based on other prison staff's

---

[2] Any claim that is mentioned in the Complaint but not addressed in this Order is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

3

comments that Parker put a "hit" on Plaintiff. Plaintiff does not disclose whether he was found guilty of those disciplinary reports but indicates that he had a sound defense to both charges.

"A complaint states a claim for retaliation when it sets forth 'a chronology of events from which retaliation may plausibly be inferred.'" *Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000) (citation omitted). Plaintiff asserts that soon after he filed grievances against Parker, he was charged with baseless disciplinary infractions consistent with Parker's threats to have other officers target Plaintiff. This sequence of events arguably presents a colorable claim of retaliation. Therefore, Count 1 will proceed at this juncture.

### Count 2 – Due Process

The issuance of a false disciplinary ticket does not violate the Fourteenth Amendment if the inmate receives procedural due process in the disposition of the ticket. *Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir. 1984). A court analyzing a due process claim in the context of prison disciplinary hearings must consider: (1) whether there was a protected interest at stake that necessitated due process protections; and (2) whether the disciplinary hearing was conducted in accordance with procedural due process requirements. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990).

The Second Amended Complaint includes the Adjustment Committee Final Summary Report, which shows that when Toennies and Westbrook found Plaintiff guilty of the tattoo charge, his punishment consisted only of a two-month demotion to C-grade (Doc. 23, p. 11). This punishment does not implicate a liberty interest protected by the Fourteenth Amendment. *Thomas v. Ramos*, 130 F.3d 754, 762 n.8 (7th Cir. 1997). As such, Plaintiff again fails to state a claim upon which relief may be granted in Count 2; it will be dismissed.

Plaintiff has now had three opportunities to plead, and it is apparent that no facts exist to

support a viable Fourteenth Amendment claim.  Accordingly, the dismissal of Count 2 will be with prejudice.

### Count 3 – Retaliation and Failure to Protect

The only conduct Plaintiff describes on the part of Toennies and Westbrook is their handling of the allegedly false disciplinary report filed by Parker over Plaintiff's tattoos.  As the Court previously noted, the filing of that charge cannot be characterized as retaliation because Plaintiff did not engage in any protected First Amendment activity before Parker charged him with the tattoo violation. (Doc. 22, p. 3).  Therefore, because that disciplinary report was not a retaliatory action, Toennies and Westbrook did not engage in retaliation by finding Plaintiff guilty and recommending punishment.  Nor did their handling of the report amount to a failure to protect Plaintiff from Parker's alleged retaliation.  Therefore, Count 3 against Toennies and Westbrook will be dismissed for failure to state a claim upon which relief may be granted.

### Count 4 - Harassment

Generally, verbal abuse and harassment do not rise to the level of a constitutional violation. *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000).  And "[t]he use of racially derogatory language, while unprofessional and deplorable, does not violate the Constitution." *Id.*  Moreover, while Plaintiff mentions that he suffers from an unspecified serious mental illness, he does not explain what effect Parker's retaliation and harassment may have had on him.  In sum, the allegations in the Second Amended Complaint do not support an Eighth Amendment claim for cruel and unusual punishment based on Parker's words or actions.  *See Beal v. Foster*, 803 F.3d 356, 357 (7th Cir. 2015).  Accordingly, Count 4 will again be dismissed without prejudice for failure to state a claim.

**Disposition**

The Complaint states a colorable retaliation claim in Count 1 against Parker. Count 2 is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915A. Counts 3 and 4 are **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted, and Defendants Toennies and Westbrook are dismissed from the action.

The Clerk shall prepare for Joshua A. Parker: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes

the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **REMINDED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  July 25, 2023**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the Defendant of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendant will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendant's Answer, but it is entirely possible that it will take **90 days** or more. When Defendant has filed their Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions, to give the Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.